The court's earlier dismissal of plaintiffs' declaratory judgment action that sought a determination of the legality of the settlement was not based on the merits and, therefore, did not serve as a bar to plaintiffs' contemporaneous application for intervention and vacatur in the settlement proceeding. The court properly determined that the settlement agreement unlawfully contracted away the Town's future authority to regulate the subdivision (see, Quigley v City of Oswego, 71 AD2d 795, lv denied 48 NY2d 607) and that the agreement violated article 6 (§ 6.5) of the Zoning Ordinance of the Town of Jerusalem. (Appeal from Order of Supreme Court, Yates County, Cornelius, J.—Intervention.) Present—Pine, J. P., Lawton, Wesley and Doerr, JJ.

■ FREDERICK C. POWLEY et al., Appellants, v RAYMOND F. BROWN, Doing Business as PEN-LIN CONSTRUCTION, Respondent. (Appeal No. 1.) [616 NYS2d 318] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Judgment Liens.) Present— Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ FREDERICK C. POWLEY et al., Appellants, v RAYMOND F. BROWN, Doing Business as PEN-LIN CONSTRUCTION, Respondent. (Appeal No. 2.) [616 NYS2d 319] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Renewal.) Present—Pine, J. P., Lawton, Wesley, Doerr, and Boehm, JJ.

■ FRANK L. YOUNG et al., Appellants, v RAYMOND F. BROWN, Respondent. (Appeal No. 3.) [616 NYS2d 319] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Judgment Liens.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ In the Matter of the Estate of HAROLD SCHRUTT, Also Known as HAROLD H. SCHRUTT, Deceased. JOAN S. O'MEARA et al., Appellants; HAROLD SCHECTMAN et al., Respondents. [615 NYS2d 204] —Decree unanimously affirmed without costs. Memorandum: Objectants' contention that Surrogate's Court erred in granting proponents' motion for a directed verdict is without merit. The court granted a directed verdict with respect to both "fraud and undue influence", although the objection based on fraud was not included in the court's amended order